UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY, Sr., <br><br> Plaintiff, <br><br> v. <br><br> DOLLAR GENERAL CORPORATION, <br><br> Defendant. | Case No. 2:23-cv-01715-KJM-JDP (PS) <br><br> **ORDER** <br><br> GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* <br><br> ECF No. 2 <br><br> **FINDINGS AND RECOMMENDATIONS** <br><br> THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM <br><br> ECF No. 1 <br><br> OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff brings this action against defendant Dollar General Corporation. His complaint, however, fails to state a cognizable claim, and I will therefore recommend dismissal of this action. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

1

|   |   |
|---|---|
| 1 | **Screening and Pleading Requirements** |
| 2 | Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915(e).  That statute |
| 3 | requires the court to dismiss any action filed by a plaintiff proceeding *in forma pauperis* that is |
| 4 | frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks |
| 5 | monetary relief against a defendant who is immune from suit.  28 U.S.C. § 1915(e)(2)(B). |
| 6 | A complaint must contain a short and plain statement that plaintiff is entitled to relief, |
| 7 | Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its |
| 8 | face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not |
| 9 | require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. |
| 10 | 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere |
| 11 | possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not |
| 12 | identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, |
| 13 | 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that |
| 14 | give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 |
| 15 | n.2 (9th Cir. 2006) (en banc) (citations omitted). |
| 16 | The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 |
| 17 | U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it |
| 18 | appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which |
| 19 | would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). |
| 20 | However, "'a liberal interpretation of a civil rights complaint may not supply essential elements |
| 21 | of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, |
| 22 | 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). |
| 23 | **Analysis** |
| 24 | The complaint fails to state a cognizable claim.  Plaintiff alleges claims for negligence, |
| 25 | breach of contract, discrimination, harassment, and assault, but does not describe the events |
| 26 | giving rise to his purported claims.  ECF No. 1 at 2.  His allegations do not describe what |
| 27 | happened, how he was injured, or how defendant was responsible for any injury.  Instead, each |
| 28 | claim is accompanied by a collection of words that neither I nor the defendant can reasonably be |

expected to comprehend.  Such filings are typical of plaintiff.  *See Murphy v. Antioch Police Department*, 2:23-cv-01458-DJC-JDP at ECF No. 1; *Murphy v. Nation's Giant Hamburgers*, 2:23-cv-00852-DJC-JDP at ECF No. 1; *see also Murphy v. First Republic Bank, N.A.*, No. 2:21-cv-00399-JAM-CKD (PS) (discussing plaintiff's repeated failure to establish subject matter jurisdiction and satisfy the pleading standard); *Murphy v. Federal Express Corp.*, No. 2:21-cv-00142-KJM-KJM (PS); *Murphy v. Farmers Ins. Co.*, No. 2:20-cv-1456-KJM-DB (PS). Accordingly, I find that granting plaintiff leave to amend would be futile.  *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (leave to amend need not be granted where it "constitutes an exercise in futility").

Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

Further, it is RECOMMENDED that plaintiff's complaint, ECF No. 1, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 24, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE